IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| WILLIAM HAWKINS,   )<br>  )<br>  Plaintiff,   )<br>  )<br>v.   )<br>  )<br>MEMPHIS LIGHT GAS AND WATER,   )<br>GAYLE JONES CARSON, Vice President   )<br>of Corporate Communications, JARL   )<br>YOUNG, President/CEO, and JAYE   )<br>MOSBY-MEACHEM, Manager of Labor,   )<br>Diversity and Inclusion,   )<br>  )<br>  Defendants.   ) | No. 2:20-cv-02541-TLP-tmp<br><br>JURY DEMAND |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff William Hawkins sued pro se, claiming that Defendants discriminated against him in violation of Title VII of the Civil Rights Act of 1964. (ECF No. 1.) After Plaintiff paid the filing fee (ECF No. 5), the Clerk provided him with blank summonses and directed him to complete the summonses with Defendants' information and return them to the Clerk's office. This Court then referred this case, under Administrative Order No. 2013-05, to Chief Magistrate Judge Pham.

Nearly a year later, Plaintiff had failed to return the completed summonses to the Clerk's office. As a result, Chief Judge Pham ordered Plaintiff to show cause as to why the Court should not dismiss the complaint. (ECF No. 6.) Plaintiff responded to the order, claiming that he had not received the blank summonses or any other documents from the Clerk's office. (ECF No. 7.) Chief Judge Pham then ordered the Clerk to resend Plaintiff a set of blank

summonses.  (ECF No. 8.)  Chief Judge Pham also ordered Plaintiff to "return [the] properly completed summonses to the Clerk's Office, effect service of process on the defendants, and file the corresponding returns for the executed summonses" within sixty days.  (*Id*.)

Before the sixty days expired, Plaintiff moved to voluntarily dismiss his claims, without prejudice, because he had not been able to obtain Defendants' addresses and was unable to properly serve them.  (ECF No. 9.)  Chief Judge Pham issued a Report and Recommendation ("R&R") recommending that this Court dismiss Plaintiff's complaint without prejudice.

## ADOPTING THE R&R

Under the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2).  Plaintiff here did not object to the R&R during the 14-day statutory period, and, in fact, requested the dismissal.  "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b) advisory committee notes.

Having reviewed the R&R and the entire record, the Court finds no clear error and **ADOPTS** the R&R in its entirety and **DISMISSES** Plaintiff's claims **WITHOUT PREJUDICE**.

**SO ORDERED**, this 27th day of October, 2021.

                                            s/Thomas L. Parker
                                            THOMAS L. PARKER
                                            UNITED STATES DISTRICT JUDGE